# DAVID LYTLE & CO.
## v.
# CALVIN SCOTT ET AL.

1. HOMESTEAD—NOT SUBJECT TO JUDGMENT LIEN.—Premises held as a homestead are not subject to a judgment lien, and the homestead right with the fee in such lands can be transferred, notwithstanding a judgment existed against the grantor at the time the conveyance was made.

2. CONVEYANCE IN FRAUD OF CREDITORS—DEED TO MINOR SON.—A father may convey to his minor son portions of his estate, in quantities suited to his state and condition, provided he retains ample funds unencumbered for the payment of his debts, and such conveyance will be valid. But where a person, being at the time largely indebted, conveys portions of his property to a minor son in consideration of love and affection, and retains no property in his possession wherewith to pay his debts, such conveyance will be set aside as being in fraud of the rights of creditors.

ERROR to the Circuit Court of Edgar county; the Hon. W. E. NELSON, Judge, presiding.

Messrs. TROGDON & CAPPS, for plaintiffs in error; that a

Lytle & Co. v. Scott et al.

creditor's bill enures to the benefit of all who prove their claims, whether made parties or not, cited Pennell v. Lamar Ins. Co. 73 Ill. 303.

That the conveyances were in fraud of creditors and void: Gould v. Sternburg, 84 Ill. 170.

Messrs. BISHOP & McKINLAY and Mr. C. V. JAQUITTE, for defendants in error; that a minor can take real estate by deed, cited Masterson et al. v. Cheek et al. 23 Ill. 72; Magee v. Magee, 65 Ill. 255; 2 Washburn on Real Property, 567.

A father may release to his minor son his wages: Partridge v. Arnold et al. 73 Ill. 600; Magee v. Magee, 65 Ill. 255.

Defendant in error had a right to convey his homestead, without regard to the claims of his creditors: McDonald v. Crandall, 43 Ill. 231; Hume v. Gassett, 43 Ill. 297.

The conveyance to the wife of defendant in error was not fraudulent: Phillips v. North, 77 Ill. 243; Patrick v. Patrick, 77 Ill. 555.

It was executed and recorded before the debts in question were contracted: Wooldridge v. Gage et al. 68 Ill. 157; Pratt et al. v. Myers et al. 56 Ill. 23.

DAVIS, J. This was a creditor's bill filed by appellants against appellees in the Circuit Court of Edgar county to set aside certain conveyances as being made in fraud of creditors.

Appellants charge that on the 16th of July, 1876, they recovered three judgments at law in justices' court against Calvin Scott for $556.78 and costs of suit, on an indebtedness contracted by him on the 8th of October, 1875. That transcripts of said judgments were filed in the office of the clerk of the Circuit Court of said county, and that executions were issued on said judgments, and were returned "no property found," and that the same remain unpaid. That said Scott has since the 8th of October, 1875, put out of his hands by some pretended conveyance, all his real and personal property, with intent to deceive, hinder, delay and defraud appellants of their said judgments and other creditors of their just demands, and that said fraudulent conveyances were made to Edith Scott, his wife,

John L. Scott, his minor son, and George Inge. Appellants pray that such fraudulent conveyances may be set aside, and also for general relief.

Calvin Scott in his answer admits the rendition of said judgments against him; that they remain unsatisfied, and that at the time they were rendered he had no real or personal property liable to execution. Denies that the conveyances to said Edith Scott, John L. Scott or George Inge were fraudulent. He admits that at the time said bill was filed, all the property real or personal owned by him was three horses, one wagon and harness, worth $165.00, one cow worth $25.00, and necessary household and kitchen furniture, worth not exceeding $100. The other appellees jointly answered, denying that any fraudulent conveyances were made to them or either of them. The cause was referred to the master to take testimony, and was subsequently heard on the bill, answers, replication and the testimony reported by the master, and on the hearing the court found the issues for the appellees, and rendered a decree in their favor dismissing the bill at cost of appellants. This decree is assigned for error by appellants. The conveyances alleged to have been fraudulently made, are three in number. The first in point of time, was executed by Owen S. Jones to Edith Scott on the 15th of July, 1875, for the consideration as expressed of $2,000, and conveys 80 acres of land in Edgar county. The next was executed by Calvin Scott, and Edith Scott his wife, to John L. Scott, their son, on the 10th of May, 1876, for the consideration as expressed therein of the love and affection they have for their son, and conveys to him lots one and two in block seven in the town of Scotland. And the other was made by Sarena Dicken and William Dicken, to John L. Scott, for the alleged consideration of $610. This deed is dated 19th January, 1876, and was acknowledged one year thereafter, and was recorded 27th of February, 1877, and conveys twenty acres of land as particularly described in the deed.

It is claimed by appellants that these conveyances were voluntary, and were made by Calvin Scott to his wife and minor son while he was indebted to appellants and other creditors, and were made to delay, hinder and defraud them in the

collection of their just claims. Appellees contend that these con-
veyances were not voluntary, and if they were, that Scott was
not indebted to appellants at the time they were executed, and
if indebted, that he retained enough property in his hands to
reasonably satisfy all his creditors; and further as to the deed
to John L. Scott of lot two in Scotland; that such lot was the
homestead of Calvin Scott, and was therefore exempt from exe-
cution, and the conveyance of it could not defraud appellants.

We think the evidence shows with sufficient certainty that
lot two, in block seven, in the town of Scotland, conveyed to
John L. Scott, was at the time of the conveyance worth less
than $1,000, and was the homestead of Calvin Scott, and it
being such, he had the undoubted right to convey it to whom
he pleased, and a good title passed by the conveyance to his
grantee.

In McDonald v. Crandall, 43 Ill. 236, it was held that the
homestead right was not subject to a judgment lien.   That the
right could be transferred with the fee and the grantee would
take it notwithstanding a judgment was in existence against
the grantor when the conveyance was made.

We are also satisfied that when the conveyances from Calvin
Scott and wife and Sarena and William Dicken to John L.
Scott were executed, Calvin Scott was indebted to appellants in
the sum of at least $1,050.

Scott commenced buying goods of appellants on the 15th of
September, 1874, and continued making purchases from time
to time until November 29th, 1875, when the last bill was made.
Then his indebtedness, after deducting all payments, amounted
to $1,130.43.   By making some small payments he reduced
this amount to $1,050.58, for which he gave his three notes
dated on the 9th of March, 1876.   These notes, after deducting
a few payments subsequently made, were afterwards divided into
smaller notes, and on these small notes the judgments were ren-
dered by the justice on the 16th of June, 1876, as charged in
the bill and admitted in the answer.   These conveyances were
also voluntary.   The twenty acres were purchased and paid for
by Calvin Scott, and at his request the deed was made to his
son John, who was then a minor.   No consideration passed

from John Scott to his father for the twenty acres, or for lot one in Scotland. Calvin Scott in his testimony given as a witness, says: the only consideration for the deed from himself and wife to John Scott was the labor of his son previously performed. This labor the father was entitled to, as it was rendered by the son when under age, and there is no evidence whatever to show that Calvin Scott voluntarily relinquished or forfeited his right to that labor. Magee v. Magee, 65 Ill. 256.

The evidence also establishes that when these deeds were executed, Calvin Scott, instead of retaining a sufficient amount of property to pay his debts, stripped himself of nearly everything he possessed. Under his direction, eighty acres of his land, costing $2,800, had been conveyed to his wife. His homestead had been deeded to his son, and except lot one and the twenty acres, he had nothing left which could be reached by execution but the remnant of a small stock of goods. The answer of Calvin Scott also admits that when the judgments were obtained by appellants, only thirty-six days after the deed from himself and wife to their son was executed, he had no real or personal property liable to execution.

In Emerson v. Bemis et ux. 69 Ill. 541, our Supreme Court adopt the ruling of the court in Salmon v. Bennett, 1 Conn. 525, that "Where there is no actual fraudulent intent, and a voluntary conveyance is made to a child in consideration of love and affection, if the grantor is in prosperous circumstances, unembarrassed and not considerably indebted, and the gift is a reasonable provision for the child according to his state and condition in life, comprehending but a small portion of his estate, leaving ample funds unencumbered for the payment of the grantor's debts, then such conveyance will be valid;" and in Kipp v. Hanna, 2 Bland, 33, that "The true rule by which the fraudulency or fairness of a voluntary conveyance is to be ascertained in this respect, is founded on a comparative indebtedness; or in other words, on the pecuniary ability of the grantor at that time to withdraw the amount of the donation from his estate without the least hazard to his creditors, or in any material degree lessening their then prospects of payment."

Testing these conveyances by the foregoing rules, they

Lytle & Co. v. Scott et al.

cannot be sustained, and we must therefore hold that the deeds from Calvin Scott and wife to John L. Scott of lot one in block seven, in the town of Scotland, and from Sarena and William C. Dicken to John L. Scott of twenty acres as described, are fraudulent and void, and must be set aside, and the lot and land thereby conveyed be held subject to the lien of appellants' judgments.

As to the conveyance from Owen S. Jones to Edith Scott, executed on the 15th of July, 1875, we find that none of the goods purchased before that time formed any part of the indebtedness for which judgments were afterwards obtained. The goods purchased between September 15th, 1874, and October 7th, 1875, inclusive, amounted to $1,808.60, and that amount has long since been paid in full. All the other purchases were subsequent to the execution of the deed, and appellants have no claim whatever to this land as pre-existing creditors. We find no evidence that this conveyance was made to defraud appellants or other creditors of Calvin Scott, and therefore must sustain it.

The decree of the court below must be reversed and the cause remanded, with directions to the court to enter a decree consistent with this opinion.

Decree reversed.